IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DAIRYLAND INSURANCE COMPANY, ) ) ) Plaintiff, ) ) vs. ) ) DIXIE LEONARD JOHNSON, ) DUSTIN E. SIMPSON, and ) TENNESSEE FARMERS MUTUAL ) INSURANCE COMPANY, ) ) Defendants. ) | Case No. _____ |

## COMPLAINT FOR DECLARATORY RELIEF

Comes Dairyland Insurance Company (hereinafter referred to as "Dairyland"), by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 57 and Title 28, U.S.C., §2201, files its Complaint for Declaratory Relief in this matter says as follows:

### JURISDICTION AND VENUE

1. Plaintiff Dairyland is a foreign corporation with its principal place of business located at 1800 North Point Drive, Stevens Point, Wisconsin 54481, and is licensed to do business in the State of Tennessee.

2. Defendant Dixie Leonard Johnson is a citizen and resident of the State of Florida. Her address is 1308 North 57th Avenue, Pensacola, Florida 32506 and she may be served through the Tennessee Secretary of State.

3. Defendant Dustin E. Simpson is a citizen and resident of Sevier County, Tennessee and may be served at 3730 Farmland Way, Kodak, Tennessee 37764.

4. Defendant Tennessee Farmers Mutual Insurance Company is a Tennessee corporation with its principal place of business located at 147 Bear Creek Pike, Columbia, Tennessee 38401 and may be served at that address on Registered Agent Ed Lancaster.

5. Jurisdiction and venue are proper before this Court pursuant to 28 U.S.C. §1332(a)(1) and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## ALLEGATIONS

6. That this Complaint for Declaratory Relief is properly filed pursuant to Rule 57 of the Federal Rules Civil Procedure.

7. Dairyland would show unto this Court that there currently exists an underlying lawsuit styled <u>Dustin E. Simpson v. Dixie L. Johnson</u>, in the Circuit Court for Sevier County, Tennessee, Court Case No. 2007-0005-I, which involves all of the above-named parties.

8. On or about November 29, 2006, Dairyland issued to Dixie Leonard Johnson a policy of automobile insurance numbered FL 080761296, hereinafter the "policy." A copy of the policy is attached hereto as Exhibit "A." A certified copy of the insurance policy issued to Dixie Leonard Johnson will be filed.

9. The underlying cause of action arises out of an automobile accident that occurred on or about December 14, 2006 on State Road 66 in Sevierville, Sevier County, Tennessee between a vehicle operated by Dustin E. Simpson and the 2000 Ford F150 pickup truck owned and driven by Dixie Leonard Johnson.

10. On January 4, 2007 Dustin E. Simpson filed a Complaint in the Circuit Court for Sevier County, Tennessee alleging violation of T.C.A. §55-8-131 (failure to yield the right of way)

2

on the part of Dixie Leonard Johnson. A copy of the Complaint filed in the underlying cause of action is attached hereto as Exhibit "B."

11. In his Complaint filed in the underlying cause of action, Dustin E. Simpson alleges that, as a result of the accident, he suffered significant bodily injuries and the ad damnum is in the amount of $5,000,000.00.

12. The insurance policy numbered FL 080761296 issued by Dairyland to Dixie Leonard Johnson which was in effect at the time of the accident did not provide bodily injury liability coverage according to the policy declarations.

13. The subject policy's declarations provides the following coverages for the policy that was in place at the time of the accident:

    a.    Property Damage Liability; and

    b.    Personal Injury Protection. (See Policy Declaration.)

14. Specifically, the policy reads as follows:

### POLICY COVERAGES

The declarations page of your policy lists the principal coverages available. You have those for which a premium charge is shown. These coverages are described below:

<u>Liability Coverage:</u> This covers your legal liability for bodily injury to others (Bodily injury Liability) or damage to their property (Property Damage Liability). Florida law requires you to have Property Damage Liability coverage. The principal exclusions (items not covered by your policy) for this coverage are: (1) autos owned by you or furnished or available for the regular use of you or your family members, which have not been specifically covered under the policy, (2) vehicles with less than 4 wheels, and (3) claims for injuries to family members or anyone allowed to drive your cars.

<u>Personal Injury Protection:</u> This covers you, your family members and certain others, for bodily injuries resulting from auto accidents, without regard to fault. Payments are for 80% of medical expenses, 60% for loss of income, replacement household

3

services and a death benefit. Total payment is limited to a specified amount. Personal Injury Protection is also required under Florida law. The principal exclusions for this coverage are injuries sustained in autos you or family members own which have not been specifically covered under the policy, and injuries to other vehicles owners required by law to have their own coverage. You can choose to have a deductible apply to this coverage.

15. Property damage liability and personal injury protection are the only coverages listed on the declarations page of Dixie Leonard Johnson's policy and she has been charged a premium for those coverages only.

16. Dairyland does not have a duty to defend Dixie Leonard Johnson in the underlying tort action and has properly denied coverage for the bodily injury allegedly sustained by Dustin E. Simpson in the underlying lawsuit.

17. Because the policy numbered FL 080761296 issued to Dixie Leonard Johnson by Dairyland which was in effect at the time of the subject accident did not provide bodily injury liability coverage, the claimed bodily injuries of Dustin E. Simpson are not covered under the provisions of the policy.

**WHEREFORE**, Dairyland respectfully demands that this Court declare and determine as follows:

1. That Dairyland is not obligated to defend or indemnify Dixie Leonard Johnson for the alleged bodily injuries suffered by Dustin E. Simpson on or about December 14, 2006, as a result of the automobile accident referred to in the Complaint filed in the underlying cause of action.

2. That Dairyland is likewise not required to afford insurance coverage to Dixie Leonard Johnson under the policy.

3. That Dairyland may properly deny coverage and does not have a duty to defend Dixie Leonard Johnson in the underlying cause of action.

4. That proceedings in the underlying cause of action styled <u>Dustin E. Simpson v. Dixie L. Johnson</u>, in the Circuit Court for Sevier County, Tennessee, Court Case No. 2007-0005-I be stayed pending entry of final judgment in this declaratory judgment action.

5. That this Court order a speedy hearing of this declaratory judgment action and advance it on the calendar pursuant to Fed. R. Civ. P. 57.

6. That Dairyland recover its costs.

Respectfully submitted,

BAKER, O'KANE,
ATKINS & THOMPSON

MICHAEL K. ATKINS, BPR# 017862
P.O. Box 1708
Knoxville, Tennessee 37901-1708
(865) 637-5600
(865) 637-5608 (fax)

**Attorney for Plaintiff Dairyland Insurance Company**

5